Max Razo
8031 Palace Monaco Avenue
Las Vegas, Nevada 89117
808-450-5013
In Proper Person

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

✓ FILED      ___ RECEIVED
___ ENTERED  ___ SERVED ON
             COUNSEL/PARTIES OF RECORD

JUL 15 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

Max Razo,

    Plaintiff,

vs.

All Metal Maintenance Stands, and ROES I through X, inclusive,

    Defendant

2:15-cv-01341-JCM-PAL

## CIVIL RIGHTS COMPLAINT

### PURSUANT TO TITLE I OF THE CIVIL RIGHTS ACT OF 1964

**COMES NOW**, Plaintiff, Max Razo, in proper person, (hereinafter referred to as "Plaintiff"), and for a Complaint against Defendants, All Metal Maintenance Stands, and ROES 1 through X, inclusive, (hereinafter referred to "Defendants"), complains and alleges as follows:

### NATURE OF THE ACTION

1. The instant action is brought pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. 12102 (hereinafter collectively referred to as "Title I"), 42 U.S.C. § 1981, and 18 U.S.C. 1621, seeking damages for the unlawful employment retaliation which Plaintiff was subjected to in connection with her employment with Defendant and in connection with his discharge from employment by Defendant in violation of the above-referenced Civil Rights Laws.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this lawsuit as the same aroused under Title I of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title I") 42 U.S.C. 12102, 42 U.S.C. § 1981, 28 U.S.C. § 1343, and is brought under to remedy discrimination and retaliation against Plaintiff.

3. Plaintiff timely filed his Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff a Notice to Right to Sue on April 28, 2015, and Plaintiff received a copy of the Notice on April 30, 2015. Plaintiff filed his lawsuit within ninety (90) days from receiving the Notice of Right to Sue and has fully complained with all prerequisites to this Court's jurisdiction pursuant to Title I.

4. The unlawful employment practices alleged below were committed within the jurisdiction of this Court, within Clark County, State of Nevada and, therefore, venue is proper in this District.

## PARTIES

5. Plaintiff is a male, islander decent, and a resident of the City of Las Vegas, Clark County, State of Nevada and was, at all times material hereto, employed by the Defendant until his employment relationship with Defendant was terminated.

6. Defendant failed to place Plaintiff on FMLA leave for his disability.

7. Defendant is a corporation opening and conducting business in the City of Las Vegas, Clark County, State of Nevada.

8. Defendant has continuously had, and does now have, at least 500 employees and is an "employer" within the meaning of that term as defined by Title I of the Americans with Disabilities Act of 1990, as amended 42 U.S.C. 12101 & 12102.

## STATEMENT OF FACTS

9. Plaintiff realleges and incorporates herein by reference Paragraphs 1-8 and all other facts and allegations of this Complaint, as though full restated herein.

10. Plaintiff began his employment with Defendant on [redacted]. At all times material hereto, Plaintiff performed his job duties and responsibilities with excellence.

11. A situation took place on or about February 15, 2015, wherein Plaintiff was told by Tony Flores, Floor Supervisor, to cut expensive aluminum diamond plate, four foot wide eight feel long, 1/8'' thick.

12. The polished plates were valued at approximately $340.00 a sheet.

13. Tony Flores wanted Plaintiff to work with a new employee, who did not have knowledge of cutting such sheets, to the best of Plaintiff's knowledge.

14. Prior to this incident, Tony Flores, singled Plaintiff out because of mistakes made on a rush order of 87 rolling tables, which were corrected and processed through.

15. Tony Flores is responsible for checking all work before it leaves the shop, and thus ensures all specs are proper on work.

16. Numerous employees have made mistakes on their various jobs; however, they were not written up or terminated for such.

17. Plaintiff was instructed to work with a new employee, who failed to pay attention to detail, and subsequently jobs were cut incorrectly; however, Plaintiff was the only person who was wrote up for the incorrect cuts, repeatedly.

18. On February 16, 2015, Plaintiff was improperly terminated from All Metal Maintenance Stands, without a separation notice and no reason was given for such termination, in direct violation of the Americans with Disabilities Act of 1990, 42 U.S.C. 12102.

## RETALIATION IN VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITY ACT OF 1990, 42 U.S.C. 12102.

19. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 11, and all other facts and allegations of this complaint, as though fully restated herein.

20. On April 28, 2015, the EEOC issued Plaintiff a Notice of Right to Sue on Plaintiff Charge of Discrimination #487-2015-00642.

21. Plaintiff was previously injured on the job, with another employee as a witness who personally saw the incident when it took place, and Defendant did not offer assistance until three (3) days after the incident took place.

22. Upon return to work from the incident, Plaintiff was approached by Tony Flores, who indicated the injury was due to Plaintiff's own fault, and he should have paid for it out of his own pocket.

23. Tony Flores personally told Plaintiff he fell because he was old.

24. Tony Flores personally told Plaintiff on several occasions, at least eight (8) separate incidents, that he should retire and Plaintiff is getting old thus he makes the mistakes he does.

25. Tony Flores told Plaintiff that he should get eyeglasses because he was getting old.

26. Plaintiff personally told Tony Flores that he was dyslexic and not simply getting old, contrary to his belief.

27. The Americans with Disabilities Act ("ADA") requires employers to reasonably accommodate the disabilities of their employees. According to the implementing regulations, reasonable accommodations are to be determined by what is termed an "interactive process." Those regulations, which have been given deference by the federal courts, envision the following steps: First, the employer should analyze the particular job involved to determine its purpose and essential functions. Second, the employer and the individual with the disability should work together to identify what barriers exist to that individual's performance of a particular job function. This analysis should include a review of the individual's abilities and limitations and a determination as to which factors in the work environment or job tasks pose difficulties. Third, the employer, working with the individual with a disability, should identify a range of possible accommodations that have the potential to remove the difficulties, either in the work environment or job tasks, and which would allow the individual to perform the essential functions of the job. Engaging in an interactive process, through which the employer and employee work together to arrive at a reasonable accommodation, is likely the employer's best means of avoiding liability for disability discrimination and the failure to reasonably accommodate a disabled employee. The interactive process leads to better decisions and creates immunity from damages in a claim of failure to reasonably accommodate. Fourth, having identified various possible accommodations, the employer should assess the effectiveness of each accommodation and the preference of the individual to be accommodated and then determine whether the various accommodations would pose an undue hardship upon the employer.

28. Recently, in Barnett v. U.S. Air, Inc., 228 F.3d 1105 (9th Cir. 2000), the Ninth Circuit Court of Appeals (whose decisions govern the Western states) addressed the interactive process in depth, noting that "the interactive process is a mandatory rather than a permissive obligation on the part of employers under the ADA and . . . this obligation is triggered by an employee or an employee's representative giving notice of the employee's disability and the desire for an accommodation."

29. The Barnett case establishes guidelines for the interactive process, and the court's discussion is extremely helpful to employers working with employees with disabilities. According to the court, an employer should:

- **Explore Accommodation Options in Good-Faith.** "The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees. The shared goal is to identify an accommodation that allows the employee to perform the job effectively." Therefore, employers must communicate in good faith with disabled employees about possible accommodations.

- **Communicate Directly with the Employee.** "Both sides must communicate directly, exchange essential information and neither side can delay or obstruct the process." Therefore, the obligation to communicate directly and exchange essential information rests on both the employee and the employer. This means that the employee must provide relevant medical information if requested by the employer. It is vitally important that the employer not delay the process or set up roadblocks that make it difficult for the employee. Probably the best way to start the interaction is to simply ask the employee, "What can I do for you?"

- **Demonstrate Good Faith.** "In order to demonstrate good faith, employers can point to cooperative behavior which promotes the identification of an appropriate accommodation." Cooperative behavior includes:

- o    making the process easy for employees;
- o    providing forms for requests for accommodations to help document the process. (Note that an employer must still entertain a request for an accommodation even if it is not in writing.);
- o    making time for dealing with these issues;
- o    training supervisors not to make employees feel that such requests are an unwelcome burden; and
- o    responding promptly to employee requests for reasonable accommodation.
- **Identify the Barriers to Job Performance.** "In order to identify the barriers to job performance, employers engaging in the interactive process must consult and cooperate with disabled employees so that both parties discover the precise limitations and types of accommodations which would be the most effective. The evaluation of proposed accommodations requires further dialogue and an assessment of the effectiveness of each accommodation, in terms of enabling the employee to successfully perform the job."

30. Therefore, under the ADA, it is improper to force an accommodation on an employee without consulting with the employee or assessing the effectiveness of the accommodation with the employee. In Barnett, the court held that the employer did not engage in the interactive process in good faith because it rejected the employee's proposed accommodation, but, at the same time, failed to offer any practical alternatives. It is important to remember that the burden is on parties, the employee and the employer.

31. The court makes no bones about it — employers are required to engage in the interactive process. Thus, an employer neglects (or refuses) to engage in the interactive process at its

own peril. Although the court did not hold that there is an independent claim for failure to engage in the interactive process, the actual consequences are just as severe.

32. The failure to participate in the interactive process in good faith deprives the employer of its immunity from damages for failure to reasonably accommodate an employee. Generally, if an employer fails to provide an employee with a reasonable accommodation, that employee can recover damages. However, if the employer engages in the interactive process in good faith, that employer will be immune from damages.

33. More significant is the ruling in Barnett that an employer failing to engage in the interactive process cannot obtain Summary Judgment, meaning that the case cannot be quickly decided by the court, but has to be decided by a jury trial. As an employer, you can greatly reduce the risk of ADA liability by engaging in the interactive process in good faith. Have an open dialogue with your employees and work with them to find solutions.

34. All conditions precedent to the institution of this lawsuit has been fulfilled.

35. Defendant has engaged in unlawful employment practices in violation of Title I by retaliating against Plaintiff based upon her disability and retaliating against Plaintiff as set forth herein as a result of his disability.

36. The effect of Defendant's practices complained of above has been to deprive Plaintiff of equal employment opportunities as set forth previously herein and has otherwise adversely affected Plaintiff because of her race and disability.

37. As a direct and proximate result of Defendant's intentional discrimination and retaliation, Plaintiff has sustained and suffered damages within the jurisdictional limits of this Court for which she seeks recovery pursuant to Title I of the Americans with Disability Act of 1990, as amended, 42 U.S.C. 12102 including, but not limited to:
    a. Lost earnings and wages in the past and into the indefinite future;
    b. Mental and emotional distress, anxiety, fear and anguish in the past and into the indefinite future;

c. Physical pain and suffering together with medical bills associated with same in the past and into the indefinite future;

d. Damage to her reputation;

e. Loss of enjoyment of life in the past and into the indefinite future; and

f. Costs and legal fees, as a result of being forced to file this suit.

Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff in engaging in retaliation against Plaintiff as set forth previously herein and, accordingly, Plaintiff is entitled to punitive damages pursuant to Title I of the Americans with Disability Act of 1990, as amended, 42 U.S.C. 12102.

## **VIOLATION OF 42 U.S.C. Sections 1981**

38. Plaintiff re-alleges and incorporates all of the above paragraphs by reference, inclusive, and all other facts and allegations in this complaint, as though full restated herein.

39. Defendant's conduct, violation of the Americans with Disability Act of 1990, as amended, 42 U.S.C. 12102 set forth herein was engaged in purposefully and intentionally and violated Plaintiff's civil rights in violation of 42 U.S.C. Section 1981.

40. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages within the jurisdictional limits of this Court including, but not limited to:

a. Lost earnings and wages in the past and into the indefinite future;

b. Mental and emotional distress, anxiety, fear and anguish in the past and into the indefinite future;

c. Physical pain and suffering together with medical bills associated with same in the past and into the indefinite future;

d. Damage to her reputation;

e. Loss of enjoyment of life in the past and into the indefinite future; and

f. Costs and legal fees, as a result of being forced to file this suit.

41. Defendant's conduct as set forth herein was engaged in knowingly, intentionally, willfully and maliciously and was engaged in with a reckless disregard for Plaintiff's rights and with conscious and callous indifference to Plaintiff's federally protected rights.

Accordingly, Plaintiff is entitled to punitive damages as a result of Defendant's violation of Plaintiff's civil rights.

## **NECESSITY FOR EQUITABLE RELIEF**

42. Plaintiff re-alleges and incorporates all of the paragraphs by reference, and all other facts and allegations of this complaint, as though fully restated herein.

43. Although Plaintiff is entitled to and has requested legal relief, that will not be adequate or complete enough to redress the wrongs alleged herein, and this suit for injunctive relief is her only means of securing thoroughly adequate relief. Accordingly, Plaintiff is entitled to declaratory and other equitable relief as hereinafter set forth.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant on all claims and award Plaintiff the following:

a) A declaratory judgment that the practices complained of herein are unlawful and violated Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. 12102; 42 U.S.C. § 1981, and 18 U.S.C. 1621;

b) A permanent injunction against Defendant, its agents, successors, officers, employees and those acting in concert with Defendant from engaging in each of the unlawful practices, policies, customs and usages set forth herein and from continuing any and all practices in violation of applicable laws;

c) Compensatory damages in an amount to be determined pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. 12102; 42 U.S.C. § 1981, and 18 U.S.C. 1621;

d) Punitive damages in an amount to be determined pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. 12102; 42 U.S.C. § 1981, and 18 U.S.C. 1621;

e) Full back pay and other benefits Plaintiff would have received from September 15, 2010, to the date of judgment together with an additional amount as front pay;

f) Costs of this action together with Plaintiff's reasonable legal costs as provided by § 706(k) of Title I, 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and NRS § 613.330, and 18 U.S.C. 1621 et seq.;

g) Full reinstatement of employment, with same pay and job responsibilities;

h) Expert fees, if any, incurred by Plaintiff in pursuing this litigation;

i) Attorney fees, if any, incurred by Plaintiff in pursuing this litigation;

j) All interest due the Plaintiff, including but not necessarily limited to prejudgment and post-judgment interest accruing at the maximum rate allowable by law; and

k) Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show herself to be justly entitled.

DATED this 10 day of July, 2015.

_____
Max Razo
8031 Palace Monaco Avenue
Las Vegas, Nevada 89117
808-450-5013
In Proper Person

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Max Razo<br>8031 Palace Monaco Ave.<br>Las Vegas, NV 89117 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2015-00642 | Brian Gorecki,<br>Investigator | (702) 388-5052 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

                                                 On behalf of the Commission         APR 2 8 2015

Enclosures(s)                            Amy Burkholder,<br>                                                     Local Office Director           *(Date Mailed)*

cc:    **ALL METAL MS.COM**<br>
       **Human Resources Director**<br>
       **5325 South Valley View Blvd.**<br>
       **Las Vegas, NV 89118**

**Helmsman Management Services, Inc.**

PO Box 95577
Las Vegas NV 89193



Telephone: (800) 593-1004
Fax: (603) 334-8096

May 4, 2015

Max Razo
8031 PALACE MONACO
LAS VEGAS NV 89117

RE:   Employee:      Max Razo
      Employer:      ADP TOTALSOURCE MI VII LLC
      Contract #:    WP8-65B-290306-014-92
      Claim #:       WC949-C44873
      Injury:        Knee - Strain
      Date of Injury: 09/15/2014
      Date of Report: 09/22/2014

Dear Max Razo:

Thank you for your request for temporary total disablity (TTD) benefits. You were terminated with cause. Therefore, I am denying TTD benefits.

If you disagree with this determination, you have the right to request a hearing. If that is your intent, please complete the enclosed "Request for Hearing" form and file it with either the Las Vegas or Carson City address, whichever is closer to your residence, within seventy (70) days from the date of this notice.

Sincerely,

JAMACAH LETT
ASSOC CLAIMS SPECIALIST
X

cc: Steven Guevara /Morris//Anderson

*No Notice of Termination was ever issued even after Requesting it Three times! This goes Against Nevada Statute 613.210 4 subsection (4)*

Correspondence Copy #: 106045550

EX016601   - NV

*Low Cost Paralegal Services*
720 E. Charleston Blvd., #140
Las Vegas, Nevada 89104

U.S. District Court Clerk
333 S. Las Vegas Blvd
Las Vegas, NV 89101

