UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MAX RAZO,<br><br>                    Plaintiff,<br>v.<br>ALL METAL MAINTENANCE, et al.,<br><br>                    Defendants. | Case No.2:15-cv-01341-JCM-PAL<br><br>ORDER<br><br>(Mot Ext Disc – ECF No. 44) |

Before the court is Defendant's Motion to Extend Discovery (ECF No. 44). The court has considered the motion, Plaintiff's Response in Opposition (ECF No. 45), and Defendant's Reply (ECF No. 46).

The Defendants seek an extension of the discovery cutoff to depose a witness, previously disclosed, who has been evading service of process. The Plaintiff attempted at one point to name the witness, John Buscema, as a party Defendant in this action. However, the court denied the request because Title 7, the ADA, and the ADEA do not allow suits against individuals. Defendant attempted to serve Mr. Buscema with a subpoena deposition notice well before the close of discovery. However, he could not be located at various addresses listed for him and his family. On June 30, 2016, a professional process server reached Mr. Buscema by phone and was told that Mr. Buscema was traveling and would not be available until August 21, 2016. Defendant therefore requests an extension of the discovery plan and scheduling order deadlines for the sole purpose of allowing sufficient time to notice and take Mr. Buscema's deposition, and related extensions of the deadlines for filing dispositive motions and the joint pretrial order.

Plaintiff opposes the motion asserting Defendant has failed to show good cause, that the motion is untimely, and that the Defendant has not shown due diligence in attempting to complete discovery. Plaintiff also points out that during a May 23, 2016 status conference,

1

1  defense counsel requested the first extension to allow All Metal time to subpoena and take five
2  additional witnesses. Plaintiff did not object, although he was apprehensive about the delay.
3  Plaintiff received notices of four of the five depositions Defendant attempted to schedule in June
4  2016. He objects to any further extension because Defendant has had sufficient time to complete
5  discovery.

6  Defendant replies that Plaintiff has been responsible for some delay in this case as he did
7  not file his most recent motion to amend his complaint until March 7, 2016, well after the initial
8  close of discovery. The proposed amended complaint was substantially different from the
9  original complaint. Plaintiff did not serve his initial disclosures in this case until April 26, 2016,
10  and served a second disclosure statement May 4, 2016. The discovery extension in this case has
11  been necessitated by Plaintiff's amendments to his complaint and the additional deposition
12  discovery is necessary based on newly uncovered facts. Specifically, since taking the
13  depositions of Plaintiff's named witnesses on July 20, and July 21, 2016, Defendant has now
14  uncovered a need to conduct even further discovery based on those witnesses' "dubious
15  inaccurate testimony."

16  On May 4, 2016, Plaintiff disclosed two witness declarations signed by former co-
17  workers Oscar Gasca, and Trinidad Sanchez. Both witnesses formerly worked for Defendant at
18  the same time as Plaintiff. Defendant claims that the declarations contain identical stories,
19  mistakenly refer to Mr. Castaneda as Mr. "Aldo", and are notarized by the same notary. Based
20  on other discovery, including depositions taken in this case, Defendant believes the witnesses'
21  testimony regarding the affidavits cannot be true. Defendant therefore requests an opportunity to
22  conduct additional discovery on newly discovered information developed during the July 20 and
23  21, 2016 depositions. Defendant argues that an extension of the discovery cutoff will not
24  prejudice Plaintiff, but that a denial of an extension will prejudice it. Specifically, Defendant
25  seeks an opportunity to conduct discovery about communications between Oscar Gasca's
26  girlfriend and Plaintiff, communications between Mr. Gasca and Plaintiff, communications
27  between Mr. Sanchez and Plaintiff, communications between Mr. Sanchez and Mr. Gasca,
28  details regarding Mr. Sanchez's employment history subsequent to his employment with

1  Defendant, and the identities of individuals identified by Mr. Gasca as being involved in the
2  various incidents described in his affidavit, none of whom he knew by last names.
3      Having reviewed and considered the matter, the court finds Defendant has shown good
4  cause for a modest extension of the discovery plan and scheduling order deadlines.  The court
5  will grant a **final** 60-day extension of the discovery plan and scheduling order deadlines to
6  attempt to take the deposition of Mr. Buscema and conduct follow up discovery on information
7  learned during the July 20 and 21, 2016 depositions.
8      **IT IS ORDERED** that:
9      1.  Defendant's Motion to Extend Discovery (ECF No. 44) is **GRANTED**.
10     2.  Discovery is extended until **September 15, 2016**.
11     3.  The dispositive motion deadline is extended until **October 24, 2016.**
12     4.  The deadline for filing the joint pretrial order is extended until **November 24, 2016**.
13         In the event dispositive motions are timely filed, the date for filing the joint pretrial
14         order shall be suspended until 30 days after the decision of any dispositive motion.
15     DATED this 8th day of August, 2016.

                                                            PEGGY A. LEEN
                                                            UNITED STATES MAGISTRATE JUDGE