UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MAX RAZO,<br><br>　　　　Plaintiff,<br>　v.<br><br>ALL METAL MAINTENANCE STANDS, et al.,<br><br>　　　　Defendants. | Case No. 2:15-cv-01341-JCM-PAL<br><br>ORDER<br><br>(Mot Strike – ECF No. 49) |
|---|---|

Before the court is what was called "Defendants' Motion to Strike Plaintiff's Sur-Reply in Opposition to Defendants' Motion to Dismiss (ECF No. 48)" (ECF No. 49).  Plaintiff did not file a sur-reply to the motion to dismiss.  Rather, the motion to strike is actually requesting to strike Plaintiff's sur-reply to the motion to extend discovery.  The court has reviewed the motion and Plaintiff's Opposition (ECF No. 50).

Defendants' motion states that Plaintiff did not follow the Local Rules in either filing, or asking permission to file, a surreply to the motion to extend discovery.  Defendants request that Plaintiff's surreply be stricken.

Plaintiff opposes the motion stating that he was unaware of the Local Rule which required special permission to file a surreply.  He further argues that he was not reiterating arguments already made in his opposition, but rather, was responding to new factual allegations and issues raised by Defendant in its reply.  He seeks leave within his opposition to file his sur-reply.

LR 7-2(b) states, in pertinent part, that:

> The deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion. The deadline to file and serve any reply in support of the motion is seven days after service of the response. **Surreplies are not permitted without**

**leave of court; motions for leave to file a surreply are discouraged**."

(emphasis added).

On July 21, 2016, Plaintiff filed a Response to the Motion to Extend Discovery (ECF No. 45). Defendant filed a reply (ECF N0 46) August 1, 2016. The court entered an Order (ECF No 47) granting a 60-day extension, indicating it would be the final extension allowed. Ten days later Plaintiff filed his surreply (ECF No. 48). This was improper. The Federal Rules of Civil Procedure and Local Rules of Practice allow parties to file a motion, response and reply. Surreplies are discouraged and rarely warranted as they typically involve an attempt to get in the last word, and, as occurred in this case, result in yet another round or papers filed with the court on the same subject covered in the original motion.

Having reviewed and considered the matter

**IT IS ORDERED** that Defendant's Motion to Strike Plaintiff's Sur-Reply in Opposition to Defendant's Motion to Extend Discovery (ECF No. 49) is **GRANTED**.

DATED this 17th day of October, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE